*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| **KRISTY J. BURDICK,** )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>**MICHAEL J. ASTRUE,**[1] )<br>**Commissioner of Social Security,** )<br>)<br>*Defendant* ) | *Civil No. 07-22-P-S* |

*REPORT AND RECOMMENDED DECISION*[2]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the questions whether the jobs identified by the administrative law judge as those which the plaintiff could perform are available, whether the administrative law judge improperly failed to explain his assessment of the plaintiff's mental limitations and whether the administrative law judge gave proper weight to the opinions of the plaintiff's treating counselor. I recommend that the case be remanded to the commissioner.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had the impairments of a mood

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), I have substituted currently serving Commissioner of Social Security Michael J. Astrue as the defendant in this matter.

[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and filed a fact sheet available at the Clerk's Office. Oral argument was held before me on July 3, 2007, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with (*continued on next page*)

1

disorder, an anxiety-related disorder and bilateral patellofemoral syndrome, each of which was severe but none of which, alone or in combination, met or equaled any impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404 (the "Listings"), Findings 3-4, Record at 18-19; that the plaintiff had the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, to stand and/or walk for a total of up to 4 hours in an 8-hour work day, to sit for a total of 4-6 hours in an 8-hour work day, and to interact occasionally with supervisors and coworkers, while being allowed to alternate between sitting and standing every hour, with the change of position lasting 10 to 15 minutes, Finding 5, *id*. at 19; that she was unable to perform any of her past relevant work, Finding 6, *id*. at 22; that, given her age (35, a "younger individual"), education (at least high school) and residual functional capacity, jobs existed in significant numbers in the national economy that the plaintiff could perform, such as gate guard, self-serve gas station attendant and file clerk, Findings 7-8 & 10, *id*. at 22-23; and that the plaintiff accordingly had not been under a disability, as that term is defined in the Social Security Act, from the alleged date of onset through the date of the decision, Finding 11, *id*. at 23. The Appeals Council declined to review the decision,[3] *id*. at 7-9, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1381(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the

---

citations to relevant statutes, regulations, case authority and page references to the administrative record.

[3] The Appeals Council does not mention in its decision dated February 9, 2007, Record at 7, and the administrative record filed by the commissioner does not include, 25 pages consisting of a letter and medical records that were submitted to the Appeals Council by the attorney for the plaintiff on December 13, 2006, Attachment 1 to Itemized Statement of Errors, etc. ("Itemized Statement") (Docket No. 7). Counsel for the commissioner was unable at oral argument to inform the court of the reason for this omission. Counsel for the (*continued on next page*)

conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential review process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 136, 147 n.5 (1987); *Goodermote*, 647 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

The plaintiff first contends that the three jobs cited by the administrative law judge as being available for her have a specific vocational preparation ("SVP") level of 3, which indicates that transferable skills are required. Itemized Statement at 2-3. The administrative law judge found that "[t]ransferability of job skills is not material to the determination of disability due to the claimant's age," citing 20 C.F.R. §§ 404.1568 and 416.968. Record at 22. However, the plaintiff's age at the time was 35, *id.* ¶ 7, and the cited regulations include considerations of age only for claimants over 55, 20 C.F.R. §§ 404.1568(d)(4), 416.968(d)(4). The Dictionary of Occupational Titles does list these three jobs with SVPs of 3. *Dictionary of Occupational Titles* ("DOT") (U.S. Dep't of Labor, 4th ed. rev. 1991) §§ 372.667-030 (gate guard), 915.477-010[4] (automobile self-serve station attendant) and 206.367-014[5] (file clerk II). A job with an SVP of 3 requires specific vocational preparation of over one month and up to and including three months. DOT, Appendix C (II). Under applicable regulations, jobs are "'unskilled" only if they can be learned in 30 days or less. 20 C.F.R.

---

plaintiff did not move to supplement the record to include this material. My review is limited to the contents of the administrative record. I do not rely on any of this additional material in reaching my recommended decision.

[4] Erroneously cited by the administrative law judge as § 915.477-063. Record at 23.

3

§§ 404.1568(a), 416.968(a). A finding that a claimant can perform work other than unskilled work must be supported by a finding that specific transferable skills are present, at least for claimants under 55 years of age. *See* 20 C.F.R. §§ 404.1568(d)(1), 416.968(d)(1). *See also Farrin v. Barnhart*,[6] 2006 WL 549376 (D. Me. Mar. 6, 2006) at *5; *Carle v. Barnhart*, 2005 WL 3263938 (D. Me. Nov. 30, 2005), at *3. In the absence of a finding that the plaintiff had transferable skills, the only jobs cited by the administrative law judge cannot be considered to be available for the plaintiff, and remand is necessary.

This deficiency makes it unnecessary to consider the plaintiff's two other contentions: that the administrative law judge failed to comply with Social Security Rulings 96-6p and 06-3p in evaluating her mental residual functional capacity and the mental residual functional capacity forms filled out by the plaintiff's treating counselors.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

---

[5] Erroneously cited by the administrative law judge as § 206.367-064. Record at 23.

[6] Counsel for the plaintiff was unable at oral argument to distinguish *Farrin* from the present case, stating instead that she disagreed with the ruling in that case and suggesting that the presence or absence of transferable skills is not an issue unless the claimant is an older individual or approaching retirement. That reading of 20 C.F.R. §§ 404.1568(d)(1) and 414.968(d)(1) is not reasonable in the context of the full text of the regulations. Counsel was not familiar with *Carle*, an earlier decision of this court to the same effect that is cited in *Farrin*. 2006 WL 549376 at *5.

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

    Dated this 11th day of July, 2007.

                                               /s/ David M. Cohen
                                               David M. Cohen
                                               United States Magistrate Judge